FILED

MAR 10 2006

CLERK
United States Bankruptcy Court
San Jose, California

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re                                    Case No. 04-57874 JRG

MARY SARAH VERNON                        Chapter 13

                Debtor(s).

_____/

**TENTATIVE**
**MEMORANDUM DECISION REGARDING RESOLUTION OF DISPUTED ISSUES**

**I.  INTRODUCTION**

      Mary Vernon filed a Chapter 7 petition on December 28, 2004.  The Chapter 7 case was converted to a case under Chapter 13 on May 3, 2005.

      During this bankruptcy case, James McBurney has initiated several proceedings against Vernon and others which remain pending in this court.  In addition, there is litigation pending between Vernon and McBurney in the state court that preceded the filing of the bankruptcy.  The various pending matters stem from a relationship that existed between Vernon and McBurney for approximately twenty years.

      The pending proceedings present a number of issues that need to be resolved before the bankruptcy case can successfully proceed.

/////

/////

## II. THE LITIGATION BETWEEN VERNON AND McBURNEY[1]

### A. Litigation Commenced Prior to Bankruptcy.

#### 1. The Temporary Restraining Order.

In or about July 2004, Vernon reported to the Police Department in Sunnyvale California that she had been raped by McBurney on more than one occasion. Shortly thereafter, on or about July 15, 2004, Vernon obtained a Temporary Restraining Order against McBurney in Santa Cruz County Family Law Case Number FL 019889.

Following the issuance of the Temporary Restraining Order an evidentiary hearing was scheduled for September 9, 2004, before the Honorable Jeffrey Almquist. The result of this hearing is not totally clear to this court. McBurney states that the Temporary Restraining Order was terminated following the hearing.

#### 2. The Mutual Restraining Order And Subsequent Appeal.

On or about February 14, 2005, Judge Almquist issued a Mutual Restraining Order in Superior Court Case Number FL 019889. McBurney states that this was done on an ex parte basis.

McBurney subsequently appealed the Mutual Restraining Order. That appeal is pending before the California Sixth District Court of Appeal.

#### 3. The Slander Suit And Vernon's Cross-Complaint.

On or about September 16, 2004, McBurney filed an action for slander, and other causes of action in the Santa Cruz County Superior Court, Superior Court Case Number CV 149889. On November 1, 2004, Vernon filed a cross-complaint in this action based on allegations of sexual assault and defamation. McBurney states the action is presently set for a Case Management Conference on May 1, 2006.

/////

/////

---

[1] The facts set forth herein are not intended to constitute findings of fact with respect to specific pieces of litigation between the parties. With respect to matters occurring or pending in the state court, this court does not have copies of the pleadings and has relied on the representations of the parties as to the nature and status of such matters. As a result, the facts are only relevant to the court's analysis of the interrelationship between the various proceedings and the court's determination of the manner in which they can be most expeditiously be resolved.

B. **Proceedings Commenced Following Bankruptcy.**

1. **Vernon's Chapter 7 Case.**

On December 28, 2004, Vernon filed her Chapter 7 petition. On February 7, 2005, McBurney filed Adversary Proceeding No. 05–05025. This proceeding seeks to deny Vernon's discharge in total under § 727 of the Bankruptcy Code and alternatively to deny the debt owed to McBurney under § 523 of the Code. In general, the complaint parallels McBurney's slander action in the state court.

2. **Vernon's Chapter 13 Case.**

   a. **McBurney's Objection To Confirmation.**

On June 20, 2005, McBurney filed his objection the confirmation of Vernon's Chapter 13 Plan. McBurney's objection centers around the debtor's bad faith in filing her bankruptcy and plan. Central to the objection are the allegations that Vernon has misstated her income in that she has not disclosed that she was receiving money for sex, has failed to disclose various other assets and that she has tried to manipulate the bankruptcy law in such a way as to forum shop for a resolution of the sex-related disputes originally initiated in the state court.

   b. **McBurney's Proof Of Claim.**

On June 17, 2005, McBurney filed a Proof of Claim in the amount of $100,000. The claim parallels his slander action pending in the state court.

   c. **<u>McBurney v. Vernon, Gromeeko and Worldwide Professional Yacht Services.</u>**

On October 28,2005, McBurney filed Adversary Proceeding No. 05-05554. The main thrust of the proceeding is the determination of the slander allegations set forth in the action pending in the state court as well as included in the Proof of Claim.

   d. **<u>McBurney v. Newport Yacht Management, Tom Rowe, Patty Martin and Owner Of The Yacht Massimo.</u>**

On November, 11, 2005, McBurney filed Adversary Proceeding No. 05-05585. This action involves the nature of Vernon's employment as a first mate on a yacht berthed in Miami, Florida.

III. **THE INTERRELATIONSHIP OF THE PROCEEDINGS**

The court has examined the overall situation from the perspective of the debtor's attempt to

---

TENTATIVE MEMORANDUM DECISION REGARDING RESOLUTION OF DISPUTED ISSUES     3

confirm a Chapter 13 plan. McBurney's objection to the Chapter 13 plan is the first issue that must be resolved if the Chapter 13 case is to move forward. Vernon believes a hearing on the objection should take two days. On the other hand, McBurney believes twenty days is required for the hearing. Even if the time for the hearing on McBurney's objections can be reduced substantially, conducting that hearing will not resolve the situation.

In order to move the debtor's plan forward, Vernon's cross complaint in the state court action must also be valued. It is an asset of the estate and, if it has value, will impact the dividend to creditors. The debtor's present plan offers a six cent on the dollar dividend to creditors. If the cross complaint has substantial value then the dividend would likely increase. Vernon must believe that the cross complaint has value because if it had no value, McBurney's allegations would presumably be true.

There is a further problem that stems from McBurney's $100,000 Proof of Claim. The claim is based on the slander complaint pending in the state court. So far, the debtor has filed no objection to the claim. That may be because the present plan provides only a six cent dividend. However, were the dividend to increase an objection might become necessary. It seems unlikely this issue can be resolved at present. To litigate the claim would simply duplicate what would ordinarily be tried in the state court. If Vernon were to simply stipulate to allow the claim, it would undermine her position and leave her with a determination of debt that would likely survive the dismissal of the bankruptcy.

It is clear that trying the objection to confirmation in some limited fashion does not resolve the possible problems facing the debtor in the Chapter 13 case. It would also run the risk of multiple trials of the same or similar issues and the possibility of res judicata or collateral estoppel principles affecting future litigation should such become necessary. It is also clear that a limited hearing on the objection to confirmation fails to resolve the serious issues existing between Vernon and McBurney regarding their twenty year relationship.

## IV.   THE COURT'S RESOLUTION

In examining all the pending issues it becomes clear that the resolution of the issues stemming from the twenty year relationship between Vernon and McBurney is central to the case moving forward to conclusion. The court has given great thought to the best means by which this can be accomplished and researched its authority to implement its proposal.

### A. Court's Proposal.

The court proposes to lift the automatic stay to permit the state court to resolve McBurney's slander suit and Vernon's cross-complaint and also permit the state court to resolve the mutual restraining order, including the appeal, and any issues involving the temporary restraining order, if any remain. While the state court is resolving to judgment the above actions, this court would stay McBurney's three adversary proceedings as well as McBurney's objection to confirmation proceeding and any litigation regarding McBurney's proof of claim. After the state court proceedings are finally determined, the parties could return to the bankruptcy court and at that point the bankruptcy court would determine what, if any, issues remain to be resolved.

The court makes this proposal based on the following considerations. First, if McBurney's objection to confirmation is litigated prior to resolving the state court litigation, determining the objection to confirmation will create a risk of multiple trials and possible res judicata and collateral estoppel issues, since the objection to confirmation contains aspects of the overall actions in state court, but does not need to address all issues in that litigation. Thus, large portions if not the entire matter would likely need to be retried in the state court. On the other hand, resolution of the state court litigation will likely make a final determination of the nature of the relationship between Vernon and McBurney as well as any rights and liabilities between the parties. Those determinations will likely have preclusive effect in this court and will streamline the litigation in this court. Second, McBurney's proof of claim and his non-dischargeability action against Vernon all involve the same facts and circumstances as the state court litigation. Thus, a final resolution of that litigation by the state court will substantially reduce the litigation needed in this court. Finally, the adversary proceeding regarding the debtor's employment as a first mate in Florida ties in with the objection to confirmation, and can be stayed until the state court litigation is resolved and then a determination can be made as to what, if any action will need to be taken with respect to that litigation.

### B. Legal Authority.

The decision whether to abstain in a certain matter is in the sound discretion of the bankruptcy judge and can be raised by the court on its own motion. In re Costa, 172 B.R. 954, 962-63 (Bankr. E.D. Cal. 1994).

TENTATIVE MEMORANDUM DECISION REGARDING RESOLUTION OF DISPUTED ISSUES    5

"[B]ankruptcy court rulings should impinge on state domestic relations issues 'in the most limited manner possible.'" In re Siragusa, 27 F.3d 406, 408 (9th Cir. 1994) (quoting In re Harrell, 754 F.2d 902, 907 (11th Cir. 1985)).

Where a threshold question of state law is required to be determined before consideration of exclusively bankruptcy questions and there is pending state court litigation on that question, it is appropriate for the bankruptcy court to abstain. In re Owen-Johnson, 115 B.R. 254, 257-58 (Bankr. S.D. Cal. 1990) (where the bankruptcy court abstained from determining a motion to reject an executory contract when the threshold question of the existence of the contract was the subject of a pre-petition state court complaint).

> The court may exercise its discretion to abstain from hearing a proceeding where "judicial economy and the interest of this court in timely and economical adjudication dictate that the cause of action only be heard once". *In re World Financial Services Center, Inc.*, 81 B.R. 33, 39 (Bankr. S.D. Cal. 1987). Other factors to be considered in the decision to abstain are whether the resolution of the case involves interpretation of state law, and whether interests of justice and comity prevail. *Id.* at 39.

Owen-Johnson, 115 B.R. at 257.

## V. OPPORTUNITY FOR COMMENT FROM THE PARTIES

The court will hold a hearing on this tentative memorandum decision and the proposed order embodying the court's proposal on March 30, 2006 at 11:00 a.m. The proposed order is attached to this tentative memorandum as Exhibit A. Any party may file papers regarding that party's position with respect to the court's proposal on or before March 24, 2006.

Any proceedings currently scheduled for hearing before this court between now and March 30, including the hearings scheduled on March 15, March 22, and March 29, 2006, are stayed and will not be heard on the scheduled dates.

DATED: _____

JAMES R. GRUBE
UNITED STATES BANKRUPTCY JUDGE

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re

MARY SARAH VERNON

        Debtor(s).
_____/

Case No. 04-57874 JRG

Chapter 13

**[PROPOSED]**
**ORDER PROVIDING FOR ABSTENTION OF CERTAIN**
**NON-BANKRUPTCY ISSUES; MODIFYING THE AUTOMATIC**
**STAY TO PERMIT RESOLUTION IN STATE COURT; AND**
**STAYING CERTAIN PROCEEDINGS IN THE BANKRUPTCY COURT**

For the reasons stated in the Memorandum Decision Regarding Resolution of Disputed Issues filed concurrently herewith, IT IS HEREBY ORDERED:

1. The bankruptcy court abstains in favor of the state court resolving:

(a) Santa Cruz County Superior Court Case Number CV 149889;

(b) Santa Cruz County Superior Court Case Number FL 019889, including the appeal and any issues involving the temporary restraining order, if any remain; and

(c) any other issues that need to be determined to resolve the relationship between Mary Sarah Vernon and James McBurney, and any liability either party has to the other.

2. The automatic stay of 11 U.S.C. § 362(a) is modified to permit the state court to resolve the matters listed in paragraph 1 above. However, should McBurney obtain any relief against Vernon,

the automatic stay shall continue in effect and McBurney shall not be permitted to enforce such relief without further order from the bankruptcy court.

    3. The following proceedings pending in the bankruptcy court are hereby stayed until further order of the court:

    (a) McBurney's objection the confirmation of Vernon's Chapter 13 Plan;

    (b) McBurney's Proof of Claim;

    (c) Adversary Proceeding No. 05–05025;

    (d) Adversary Proceeding No. 05-05554; and

    (e) Adversary Proceeding No. 05-05585.

    4. Vernon shall, and McBurney may at his own option, serve on the Chapter 13 trustee a brief quarterly update of the status of the pending state court litigation. The quarterly report shall be served on or before March 31, June 30, September 30 and December 31 until the litigation is finally determined. The first update is due on June 30, 2006.

    5. After the state court proceedings listed in paragraph 1 above are finally determined, Vernon shall file and serve on the Chapter 13 trustee a notice of completion of state court litigation and Vernon and the Chapter 13 trustee shall restore this proceeding to the court's calendar.

DATED: _____

                                            JAMES R. GRUBE
                                            UNITED STATES BANKRUPTCY JUDGE

Case No. 04-57874 JRG

# UNITED STATES BANKRUPTCY COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

### CERTIFICATE OF MAILING

    I, the undersigned, a regularly appointed and qualified Judicial Assistant in the office of the Bankruptcy Judges of the United States Bankruptcy Court for the Northern District of California, San Jose, California hereby certify:

    That I, in the performance of my duties as such Judicial Assistant, served a copy of the Court's **TENTATIVE MEMORANDUM DECISION REGARDING RESOLUTION OF DISPUTED ISSUES**, and **EXHIBIT A, ORDER PROVIDING FOR ABSTENTION, ETC.** by depositing it in the United States Mail, First Class, postage prepaid, at San Jose, California on the date shown below, in a sealed envelope addressed as listed below.

    I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

    Executed on MAR 1 0 2006 at San Jose, California.

_____
LISA OLSEN

Office of the U.S. Trustee
U.S. Courthouse/Federal Bldg.
280 S. First St., Rm. 268
San Jose, CA 95113

Devin Derham-Burk, Esq.
Chapter 13 Trustee
P.O. Box 50013
San Jose, CA 95150-0013

Brian M. Kandel, Esq.
LAW OFFICES OF BOOK & BOOK
1414 Soquel Avenue, Suite 203
Santa Cruz, CA 95062

James A. Whitten, Esq.
Office of The District Counsel
INTERNAL REVENUE SERVICE
55 South Market Street, Suite 505
San Jose, CA 95113

Mary Sarah Vernon
421 36th Avenue
Santa Cruz, CA 95062

James McBurney
890 South Wolf Road
Sunnyvale, CA 94086

Andrew Gromeeko
World Wide Professional Yacht Services
421 36th Avenue
Santa Cruz, CA 95062

**CERTIFICATE OF SERVICE**